UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____              │
│ DATE FILED:  8/27/2024               │
└─────────────────────────────────────┘
```

DANIL MAZUR, BRIAN A. LANGTON,
MELIH OZALP, WILLIAM CAIN, JOHN
DICK, JOSE ROSADO, SEFKET
ALMOLLA, and NICHOLAS
DIDOMENICO,

                    Plaintiffs,

           -against-

UGS HERMAN, LLC,

                    Defendant.

1:23-cv-08839-MKV

**ORDER DENYING MOTION TO
DISMISS AS MOOT AND REMANDING
TO STATE COURT**

MARY KAY VYSKOCIL, United States District Judge:

        Plaintiffs, who worked for Defendant as audio-visual technicians, initiated this action in

New York Supreme Court, New York County, alleging that they fit the statutory definition of

"manual workers" and that Defendant failed to pay them on a weekly basis as required under

Section 191 of the New York Labor Law ("NYLL").  [*See* ECF No. 1-1 ("Complaint" or

"Compl.")].  Defendant removed the case to this Court on the basis that Plaintiffs' claim is

governed by Section 301 of the Labor Management Relations Act ("LMRA"), pursuant to which

a federal district court has exclusive jurisdiction over "[s]uits for violation of contracts between an

employer and a labor organization."  29 U.S.C. § 185(a).  [ECF No. 3 ("Notice of Removal")].

Defendant now moves to dismiss Plaintiffs' Complaint, arguing that a collective bargaining

agreement ("CBA") between Plaintiffs' union and Defendant governs the terms of Plaintiffs' pay,

and thus Plaintiffs' action, premised on a single state-law claim under the NYLL, is preempted by

federal law.  [ECF Nos. 17, 18 ("Def. Mem.") at 4, 23 ("Def. Reply") at 3–4].  Defendant further

argues that Plaintiffs' claim must be dismissed because (1) Plaintiffs waived a claim to weekly pay

under the CBA; (2) Section 191 of the NYLL was not intended to protect unionized workers; and

(3) Section 191 does not create a private right of action.  Def. Mem. 4–13.  Plaintiffs argue that their claim is not dependent on the interpretation of any provision of the CBA, and thus that their action is not preempted and must be remanded to state court.  [ECF No. 20 ("Pl. Mem.") at 20].

For the reasons that follow, Plaintiffs' NYLL claim is not preempted by the LMRA.  The Court therefore lacks subject matter jurisdiction over this action and cannot consider Defendant's remaining arguments in favor of dismissal.  Accordingly, Defendant's motion to dismiss is DENIED as moot and the case is remanded to New York Supreme Court, New York County.

## DISCUSSION

Plaintiffs' Complaint asserts a single claim for improper frequency of payments pursuant to Section 191 of the NYLL, which requires an employer to pay statutorily defined "manual workers" "weekly and not later than seven calendar days after the end of the week in which the wages are earned."  Compl. ¶¶ 3, 48–54 (citing NYLL §191(1)(a)(i)).  Although Plaintiffs do not plead a cause of action under federal law and their Complaint does not reference the CBA, Defendant contends that Plaintiffs' claim "necessarily depend[s] on interpreting the terms and provisions of the CBA," and is thus "completely preempted by Section 301 of the LMRA" and was properly removed to this Court.  Notice of Removal 4–5; *see Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003) ("The 'unusual pre-emptive power' accorded section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 122 n.16 (1994)).  "As the party that removed this action to this Court, [Defendant] bears the burden of showing that LMRA preemption confers federal subject matter jurisdiction over this action." *Chu*

*v. Chinese-American Plan. Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 227 (S.D.N.Y. 2016).

Defendant has not met its burden of showing that this action is preempted by Section 301 of the LMRA. That statute provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). "The Supreme Court has interpreted section '301 as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'" *Vera*, 335 F.3d at 114 (quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)). The preemptive effect of Section 301 extends beyond lawsuits that expressly allege violations of a labor contract: "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers*, 471 U.S. at 220 (citation omitted).

"Courts in this District have observed that cases in which LMRA preemption applies typically fall into three categories: (1) 'cases in which a plaintiff alleges that defendant violated the CBA itself,' (2) 'cases in which a plaintiff claims that a provision of the CBA itself violates state law,' and (3) 'cases in which a CBA provision relevant to the plaintiff's claim is ambiguous.'" *Chu*, 194 F. Supp. 3d at 227 (quoting *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 423 (S.D.N.Y. 2013)). This case plainly does not fall into either of the first two categories, as the Complaint does not reference the CBA. *See generally* Compl.

Nor does resolution of Plaintiffs' claim "substantially depend[]" upon analysis of the CBA because a relevant CBA provision is ambiguous. *Allis-Chalmers*, 471 U.S. at 220; *Chu*, 194 F. Supp. 3d at 227. Plaintiffs allege that Defendant violated the NYLL by failing to pay them on a

weekly basis, as it must for "manual workers," and that Defendant instead paid them bi-weekly. Compl. ¶¶ 52–54.  In support of its preemption argument, Defendant points to various provisions of the CBA that it argues "contemplate[] bi-weekly pay," Def. Mem. 4, such as its references to bi-weekly payroll deductions or contribution amounts, *see* Def. Reply 4 (citing CBA 10, 39, 55–56).  But these provisions, although referring to pay or payroll generally, do not need to be interpreted to resolve Plaintiffs' NYLL claim, which turns on the frequency of Plaintiffs' *wage payments*, not their deductions or contributions.  *See* Pl. Mem. 7–8; *Chu*, 194 F. Supp. 3d at 228 (although CBA "undoubtedly contain[ed] terms relating to the payment of wages, that fact alone is insufficient to find that the LMRA preempts plaintiffs' independent state law claims").  Defendant does not cite to any provision of the CBA that establishes the frequency of Plaintiffs' wage payments such that it could conceivably implicate or waive Plaintiffs' NYLL claim.  "No provision of the CBA needs to be interpreted to decide [Plaintiffs'] statutory claim[]."  *Severin v. Project OHR, Inc.*, No. 10 CIV. 9696 DLC, 2011 WL 3902994, at *4 (S.D.N.Y. Sept. 2, 2011).

Moreover, courts in this District "have routinely held" in the analogous circumstance of NYLL wage and notice claims that such claims "are 'legally independent' of wage-related provisions in a CBA and are therefore not preempted by the LMRA."  *Chu*, 194 F. Supp. 3d at 228–29 (quoting *Severin*, 2011 WL 3902994, at *4 and citing *Kaye*, 975 F. Supp. 2d at 425–26 and *McLean v. Garage Mgmt. Corp.*, No. 10 Civ. 3950, 2011 WL 1143003, at *3 (S.D.N.Y. Mar. 29, 2011)).  "Although [a] CBA may provide additional rights to . . . employees, it may not override independent statutory rights provided by the NYLL."  *Polanco v. Brookdale Hosp. Med. Ctr.*, 819 F. Supp. 2d 129, 134 (E.D.N.Y. 2011); *see also Spitzer v. HMSM Food Corp.*, No. 19-cv-03694 (ENV) (RML), 2020 WL 13662275, at *3 (E.D.N.Y. Sept. 1, 2020) ("It is well-settled that

employees like [plaintiff] are entitled to assert state law claims without reliance on a CBA." (citing *Vera*, 335 F.3d at 115)).

To the extent Defendant argues that the CBA and its references to bi-weekly deductions and contribution amounts provide a defense to Plaintiffs' claims, *see* Def. Mem. 4–6; Def. Reply 3–4, "a defense to a claim . . . is distinct from the LMRA complete preemption doctrine and as such does not create a valid basis for federal jurisdiction." *Chu*, 194 F. Supp. 3d at 229–30 (collecting cases establishing that a district court lacks removal jurisdiction where "a § 301 issue arises only because of [a] defense, and not from the face of the complaint" (quoting *Dall v. Albertson's, Inc.*, 234 F. App'x 446, 449 (9th Cir. 2007))).

Finally, Defendant's argument that this case cannot be remanded because Plaintiffs failed to timely file a motion to remand is unavailing. *See* Def. Reply 4–5. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also id.* ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." (emphasis added)). Remand is proper where a removed NYLL action is not preempted by Section 301 of the LMRA. *See Chu*, 194 F. Supp. 3d at 230; *Spitzer*, 2020 WL 13662275, at *4.

Accordingly, the Court finds that Plaintiffs' sole claim for violation of the NYLL is not preempted by the LMRA. The Court thus lacks jurisdiction in this case and has no authority to consider Defendant's remaining arguments for dismissal. This case must be remanded to state court.

## CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over this action and Defendant's motion to dismiss is therefore DENIED as moot. The Clerk of Court respectfully is

requested to terminate the motion pending at docket entry 17 and to remand this case to New York

Supreme Court, New York County.


**SO ORDERED.**

**Date:  August 27, 2024**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**